**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **SALVADOR ACERO,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **NO. EP-12-CV-502-RFC** |
| | § | **(by consent)** |
| **CAROLYN W. COLVIN,[1]** | § | |
| **Acting Commissioner of Social Security** | § | |
| **Administration,** | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action seeking judicial review of an administrative decision. Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") denying his applications for disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act") and for supplemental security income ("SSI") payments under Title XVI of the Act. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c), and Rule CV-72 and Appendix C to the Local Court Rules for the Western District of Texas. For the reasons set forth below, this Court orders that the Commissioner's decision be AFFIRMED.

**PROCEDURAL HISTORY**

On July 22, 2010, Plaintiff filed applications for DIB and SSI, alleging a disability onset date of October 23, 2009. (R:34,35,107,124) His applications were denied initially and on reconsideration. (R:42, 50) Plaintiff filed a request for a hearing, which was conducted on July 14,

[1]Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Fed. R. Civ. P. 25(d), she is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of §205(g) of the Social Security Act, 42 U.S.C. § 405(g).

2011. (R:24-33) The Administrative Law Judge ("ALJ") issued a decision on August 2, 2011, denying benefits. (R:10-16) The Appeals Council denied review on October 22, 2012. (R:1-6) Plaintiff initiated this proceeding on December 20, 2012. (Doc. 1) The parties have filed briefs outlining their positions. (Docs. 17, 20)

## ISSUE

According to Plaintiff, the sole issue is whether the ALJ erred by failing to properly evaluate and consider the effect of his mental impairment when determining his RFC.[2] (Doc. 17:2) He argues that the absence of a Psychiatric Review Technique Form ("PRTF") violates the regulations, requiring remand and an award of benefits, or additional administrative proceedings. (*Id.*, at 2-7) Defendant responds that the ALJ used the proper legal standards, that any error was harmless, and that substantial evidence supports the ALJ's findings and conclusions. (Doc. 20)

## DISCUSSION

### *I. Standard of Review.*

This Court's review is limited to a determination of whether the Commissioner's decision is supported by substantial evidence, and whether the Commissioner applied the proper legal standards in evaluating the evidence. *See* 42 U.S.C. § 405(g); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Id.* The Commissioner's findings will be upheld if supported by substantial

[2]Although Plaintiff raised the one issue, in light of the arguments made in Plaintiff's brief, the Commissioner breaks down Plaintiff's issue into four separate issues: (1) whether the ALJ properly evaluated Plaintiff's alleged mental impairments at step two of the sequential process; (2) whether the ALJ properly developed the record with respect to Plaintiff's alleged mental impairments; (3) whether the ALJ erred by not including mental limitations in Plaintiff's RFC assessment; and (4) whether the ALJ properly found that Plaintiff could perform his past relevant work at step four. (Doc.20:3) Since it is true that Plaintiff addressed these issues throughout his brief, the Court will address each one of them separately.

evidence. *Id*. A finding of no substantial evidence will be made only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In applying the substantial evidence standard, the court may not re-weigh the evidence, try the issues *de novo*, or substitute its own judgment for the Commissioner's, even if it believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

***II. Evaluation Process.***

The ALJ evaluates disability claims according to a sequential five-step process: 1) whether the claimant is currently engaged in substantial gainful activity; 2) whether the claimant has a severe medically determinable physical or mental impairment; 3) whether the claimant's impairment(s) meet or equal the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; 4) whether the impairment prevents the claimant from performing past relevant work ("PRW"); and 5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. § 404.1520. The claimant bears the burden of proof at the first four steps of the analysis. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

Before moving to step four, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is the most an individual can still do despite his limitations. 20 C.F.R. § 404.1545; SSR 96-8p. In making this determination, the ALJ must consider all the record evidence, *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995), and consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529,

404.1545; SSR 96-8p. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001).

***III. The ALJ's decision*.**

In the present case, the ALJ determined, at step one, that Plaintiff had not engaged in substantial gainful activity since October 23, 2009, the alleged onset date. (R:12) At step 2, the ALJ found that Plaintiff had severe impairments of: mild osteoarthritis of the right knee, mild-to-moderate spondylosis and disc disease of the lumbar spine, and diabetes. (*Id.*) Although Plaintiff urged disability due to anxiety, depression, stress, memory problems, and getting disoriented, the ALJ found that Plaintiff did not have a severe mental impairment. (R:12,14) At step 3, he concluded that none of Plaintiff's impairments, either alone or in combination, met or medically equaled the listed impairments. (R:14) The ALJ determined that Plaintiff's allegations regarding his limitations were not fully credible. (R:15) Overall, the ALJ found that Plaintiff had the RFC to perform light work with occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps/stairs but not ladders, ropes or scaffolds. (R:14) The ALJ found that Plaintiff retained the ability to perform his past relevant work as a craft store sales clerk. (R:15) Consequently, the ALJ determined that Plaintiff was not disabled within the meaning of the Act and was not entitled to receive DIB or SSI. (R:16) Plaintiff requested review of the ALJ's decision. (R:104-06) On October 22, 2012, the Appeals Council declined review. (R:1-6) Therefore, the ALJ's decision serves as the Commissioner's final decision for purposes of judicial review pursuant to 42 U.S.C. § 405(g).

***IV. The ALJ's failure to properly analyze Plaintiff's alleged mental impairment is harmless and substantial evidence supports the ALJ's decision*.**

The ALJ found Plaintiff's alleged mental impairment of depression, memory problems, and anxiety to be non-severe under the standard set forth in *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th

Cir. 1985).[3] (R:14) Plaintiff contends that the ALJ did not properly evaluate his allegation of mental impairment because the ALJ did not conduct and incorporate his answers from the PRTF into his decision. Defendant argues, and the Court finds, that such error is harmless because the ALJ fully considered the evidence of Plaintiff's alleged mental impairment.

In evaluating the severity of mental impairments at step two, the regulations provide a special technique for rating the degree of functional limitation in each of four general functional areas: activities of daily living; social functioning; concentration, persistence, and pace; and episodes of decompensation. 20 C.F.R. § 416.920a(c)(3). After rating the degree of limitation in each functional area—with respect to the first three as none, mild, moderate, marked, or extreme, and regarding the episodes of decompensation as none, one or two, three, four or more—the Commissioner determines the severity of plaintiff's mental impairments. 20 C.F.R. § 404.1520a(c)(4),(d). When the first three functional areas are rated as "none" or "mild," and the fourth area is rated as "none," the ALJ will conclude at step two of the sequential evaluation process that Plaintiff's mental impairments are not severe "unless the evidence otherwise indicates that there is more than a minimal limitation in [claimant's] ability to do basic work activities." 20 C.F.R. § 404.1520a(d)(1). The PRTF also includes a section listing specific work functions pertaining to each functional area, which, if the mental impairment is found to be severe, the ALJ is to rank from none to extreme. 20 C.F.R. § 404.1520a(d)(2). The ALJ is required to document application of the special technique in the decision. 20 C.F.R. § 404.1520(e)(2).

[3] An impairment is considered as "non-severe" if there is evidence of only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on the individual's ability to work even if his age, education, or work experience were specifically considered. *Stone*, 752 F.2d at 1101.

In finding Plaintiff's alleged mental impairment to be a "non-severe impairment" the ALJ implicitly assumed that it was a medically determinable mental impairment. Thus, the ALJ should have applied the special technique and included his findings in his decision; he erred when he failed to do so. *See* 20 C.F.R. § 404.1520a. Violation of a regulation constitutes reversible error and requires remand, however, only when a reviewing court concludes that the error is not harmless. *See Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003). An error is harmless where, absent the alleged error or omission, there is "no realistic possibility" that the ALJ would have reached a different result. *January v. Astrue*, 400 Fed. Appx. 929, 933 (5th Cir. 2010) (*per curiam*) (unpublished) "[P]rocedural perfection is not required unless it affects the substantial rights of a party." *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012). In this instance, the ALJ's failure to incorporate the special technique in his decision was harmless, did not affect Plaintiff's substantial rights, and does not require remand.

In finding Plaintiff's mental impairment non-severe, the ALJ applied the Fifth Circuit's *Stone* standard. (R:14, citing *Stone*); Social Security Ruling (SSR) 93-3p. The ALJ identified evidence that generally indicates non-disability. Although Plaintiff reported anxiety, he denied depression or sadness. (R:14) For example, during his August 17, 2010, consultative examination with Dr. Porras, Plaintiff denied sadness, depression, suicidal ideation, and visual or auditory hallucinations. (R:187) Dr. Porras believed that there was a question of coaching by Plaintiff's wife. *(Id.)* The ALJ noted that the records did not support a mentally ill individual and concluded that the alleged anxiety would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience. (R:14) Indeed, the record is replete with examples of evidence of non-disability. For example, Plaintiff repeatedly reported that he did not seek treatment for any mental or emotional impairments; he at no time alleged that he stopped working due to depression, anxiety, or memory

loss. (R:30,128,131,163,172) Plaintiff and his attorney completely failed to mention the presence of a mental impairment during the hearing before the ALJ. (R:24-33) He testified that he left his job as a sales clerk because he was unable to lift heavy pieces. (R:28) In a Disability Report Plaintiff indicated he began experiencing anxiety in September 2010, nearly one year after he stopped working. (R:162) He further indicated that his stress, depression, memory problems, and disorientation did not start until October, 2010. (R:171) Treating physician Dr. Ulysses Urquidi's treatment notes do not document any diagnosis of anxiety or memory disorder. (R:222-24, 227-28)

Dr. Porras, in his consultative examination, failed to diagnose or assess any anxiety or memory disorders. (R:186-90) Although Dr. Urquidi, on December 21, 2010, did assess depression and prescribed Zoloft–thus providing objective medical evidence substantiating Plaintiff's allegation of depression (R:223-24), there is no proof that this depression caused any specific functional limitations. *See Vaughan v. Shalala,* 58 F.3d 129, 131 (5th Cir. 1995) (lack of physician-assessed limitations substantially supports the ALJ's decision); *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983) (a diagnosis alone does not establish disability). Interestingly enough, Plaintiff denied having any history or depression or anxiety at that time. (R:222) Thus, there is no showing of how long this condition lasted. Finally, the ALJ was not required to evaluate Plaintiff's alleged limitations with respect to his allegations of anxiety and memory loss because the record contains no objective medical evidence showing that Plaintiff was diagnosed with either of these alleged mental impairments. *See* 20 C.F.R. §§ 404.1529a(b), 416.920a(b) (the Commissioner does not rate an individual's degree of limitations with respect to an alleged mental impairment unless the record contains objective medical findings documenting such impairment).

This evidence amply demonstrates that the ALJ properly concluded that the mental impairment did not have "more than a minimal limitation in Plaintiff's ability to do basic work

functions." 20 C.F.R. § 404.1520(a)(d)(1). Moreover, it suggests that Plaintiff had no colorable, non-frivolous claim of mental impairment(s) at that time. To be disabling, an impairment must have lasted or be expected to last at least one year, and cannot be remedied or controlled with reasonable treatment or medication. *See* 20 C.F.R. § 404.1509 (duration requirement); *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988) (impairments that reasonably can be remedied or controlled by medication or treatment are not disabling). Plaintiff was unable to provide evidence of either of these requirements to meet his burden of proof. The Court notes that Plaintiff does not argue that his mental impairment should have been found to meet or equal a listed impairment. Thus, a finding of non-severity was appropriate.

Based on this Court's review of the record, there is no reasonable possibility that, absent the ALJ's failure to apply the special technique for mental impairments, the result would have been different. Thus, for the reasons stated above, the ALJ's error was harmless, did not affect Plaintiff's substantial rights, and does not require reversal. Plaintiff is not entitled to relief on this claim.

***V. The ALJ properly developed the record with respect to Plaintiff's alleged mental impairments.***

Plaintiff argues that the ALJ failed to properly develop the record by not obtaining a consultative psychological evaluation. (Doc.17:5) In response, Defendant asserts that Plaintiff did not request such development, that such development was not necessary, and that Plaintiff has not demonstrated prejudice from the failure to further develop the record. (Doc. 20:10-12)

The ALJ does have a duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) citing *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). When existing medical evidence is inadequate to make an informed disability determination, the ALJ has a duty to develop the record by re-contacting the claimant's

medical sources or referring the claimant for a consultative medical examination. 20 C.F.R. § 404.1512(e)(f). If an ALJ has enough evidence to determine a claimant is not disabled, however, there is no need for a consultative examination. *Anderson v. Sullivan*, 887 F.2d 630, 634 (5th Cir. 1989). Further, even where the ALJ failed to fully and fairly develop the record, the error will not constitute grounds for remand unless the Plaintiff is able to demonstrate that prejudice resulted, i.e., that had the ALJ done his duty, evidence could and would have been adduced that might have altered the result. *Kane v. Heckler*, 731 F.2d at 1220. Mere speculation is insufficient to make the requisite showing of prejudice. *See Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000).

Defendant argues that because the record provides substantial support for the ALJ's determination that Plaintiff was not disabled due to his alleged depression, anxiety, or memory loss, a consultative psychological examination was not necessary. (Doc.20:10) The Court agrees. Plaintiff never requested a consultative examination. *See, e.g., Pierre v. Sullivan,* 884 F.2d 799, 803 (5th Cir. 1989). The evidence cited earlier in this opinion provides substantial support for the ALJ's disability decision. Thus, the ALJ did not err in failing to order a consultative mental examination.

Furthermore, Plaintiff has neither argued nor presented evidence to demonstrate what additional information would have been revealed had the ALJ obtained additional records or ordered a consultative mental examination, or how such evidence might have altered the ultimate disability determination. Therefore, even if the ALJ did err in failing to further develop the record, Plaintiff has failed to demonstrate the requisite prejudice, and is not entitled to relief on this claim. *See Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000).

***VI. The ALJ did not err in failing to include mental limitations in Plaintiff's RFC assessment.***

Plaintiff argues that the ALJ erred by not including any mental restrictions in his RFC assessment. (Doc.17:3-7) This argument also lacks merit. The ALJ considered the effects of Plaintiff's mental impairment individually and in combination with Plaintiff's other impairments in determining his RFC, as required by 20 C.F.R. § 404.1523. (R:14-15) Again, the ALJ discussed the evidence in the record, as discussed earlier in this opinion. The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms to be not credible to the extent they were inconsistent with the RFC assessed. (R:15) The ALJ's RFC assessment that Plaintiff's alleged depressive/anxious/anxious condition did not impose any limitations on his RFC is supported by substantial evidence.

***VII. The ALJ properly found at step four that Plaintiff could perform his past relevant work.***

Plaintiff's final contention is that if the ALJ had included all the mental limitations in his RFC assessment, he likely would have found that Plaintiff was incapable of performing his past relevant work. At step five, the burden of proof would shift to the Commissioner to determine that Plaintiff was able to perform other work existing in significant numbers in the national economy. There, the ALJ would have considered not only Plaintiff's RFC, but also his age, education, and work experience to determine whether there was any other work he could perform. Plaintiff would have been found disabled pursuant to Medical-Vocation Guideline ("Grid Rule") 202.02. 20 C.F.R. Pt. 404, Subpt. P, Table No. 2, Rule 202.02. (Doc. 17:6-7) Once again, Plaintiff's argument lacks merit.

The Court has found that substantial evidence supports the ALJ's determination that Plaintiff could perform his PRW as a craft stores sales clerk. Plaintiff has the burden of demonstrating an inability to perform his PRW at this step. *See Villa v. Sullivan*, 895 F.2d 1019, 1023 (5th Cir. 1990).

Thus, it was not necessary to proceed to step five of the sequential evaluation, and the ALJ did not err.

As argued by the Defendant, the ALJ's RFC finding is consistent with the *Dictionary of Occupational Titles* ("DOT") description of a sales clerk as it is generally performed. (R:15); *see Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (a description of PRW as it is generally performed in the national economy is sufficient to support the ALJ's step four finding that an individual can perform his PRW). *DOT* 290.477-014 classifies a sales clerk position as light work with occasional stooping and crouching but no crawling, kneeling, climbing, or balancing. Thus the ALJ's conclusion that Plaintiff could perform his PRW as a craft stores sales clerk as generally performed is consistent with proper legal standards. Thus, Plaintiff is not entitled to relief on this claim.

**CONCLUSION**

Based on the foregoing, the Court hereby ORDERS that the decision of the Commissioner be AFFIRMED consistent with this opinion.

**SIGNED** and **ENTERED** on April 27, 2015.

ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE